[Cite as *State v. Johnson*, 2023-Ohio-371.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111448 |
| v. | : | |
| RAESHAUN JOHNSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 9, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657583-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, *for appellee.*

Robert A. Dixon, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Raeshaun Johnson appeals from the trial court's judgment denying his presentence motion to withdraw his guilty plea. After a thorough review of the facts and pertinent law, we affirm.

**Factual and Procedural History**

{¶ 2} The within case, Cuyahoga C.P. No. CR-21-657583-A, is a refiled indictment of Cuyahoga C.P. No. CR-19-645321-A.

**Original Case:  Case No. CR-19-645321-A**

{¶ 3} The original indictment charged two counts of rape of a 15-year-old girl, three counts of kidnapping (the 15-year-old girl was the victim of two counts), two counts of aggravated burglary, and one count of having a weapon while under disability.  With the exception of the having a weapon while under disability count, the counts had various specifications and notices attendant to them, consisting of one- and three-year firearm specifications, repeat violent offender specifications, sexually violent predator specifications, and notices of prior conviction.

{¶ 4} The facts giving rise to the charges are as follows.  Johnson went into a house where the 15-year-old victim was living.  A man (victim of one of the kidnapping counts) was also living in the home.  Johnson brandished a gun on both victims, tied up the male victim, and raped the 15-year-old victim.  Johnson was alarmed by an outside noise, so he left the house with the 15-year-old.  He forced the 15-year-old, at gunpoint, into his car and drove her to another location, where he raped her again.  Johnson then dropped the victim off at a Cuyahoga Metropolitan Housing Authority property where she was able to get help.  The victim went to a hospital where a rape kit was administered.  Johnson was later identified as the perpetrator.

**{¶ 5}** After being indicted, Johnson retained counsel. Johnson was evaluated for competency to stand trial and insanity at the time of the crimes. The court psychiatric clinic concluded that he was competent to stand trial and not insane at the time of the crimes and the defense and the state stipulated to the clinic's report. Subsequently, Johnson's counsel withdrew his representation and the trial court assigned new counsel for Johnson.

**Within Case: Case No. CR-21-657583-A**

**{¶ 6}** The state dismissed the original case and filed the within case in March 2021. The indictment charged the same crimes as the original case and added a new one: compelling prostitution, with a human trafficking specification added to the other specifications previously outlined. Johnson's assigned counsel from the original case continued representing him.

**{¶ 7}** In July 2021, Johnson filed a motion to dismiss his attorney. The trial court held a hearing, at the conclusion of which it denied Johnson's motion.

**{¶ 8}** Approximately one week later, Johnson filed another motion to dismiss his attorney and in August 2021, the trial court held another hearing. The court questioned Johnson as to his understanding of what proceeding pro se entailed. The court attempted to dissuade Johnson, telling him,

> I cannot discourage you enough from following this path. Whatever your feelings are towards your attorney, he is here to represent you in the best way he can. He is an effective lawyer. He's one of the best defense attorneys that we have in the building. I have personally seen him argue cases in front of juries and he does a brilliant job. I suggest you rethink your strategy.

> * * *
>
> I cannot discourage you enough from this course of action. This would be tantamount to a mistake and I want you to understand how important this is. That if you choose to represent yourself during trial and you are found guilty, the Court of Appeals can't reverse your conviction because you chose to represent yourself. You have invited the error and you cannot benefit from it at the Court of Appeals level. So the Court of Appeals, if you are convicted, will not reverse your conviction because you chose to represent yourself pro se. I want you to think about all those things.

Tr. 21-23.

{¶ 9} At the conclusion of the hearing, the trial court referred Johnson to the court psychiatric clinic for evaluation on competency to represent himself. The clinic found him competent.

{¶ 10} In September 2021, the trial court held another hearing. Johnson maintained his desire to represent himself, telling the court that he knew he is "not better than the lawyer, but [he felt he] can do just as good as them * * * representing [himself]." *Id.* at 25. Johnson explained that he felt that way because it was his life on the line and he cherished and valued his life more than the "next person." *Id.* The trial court questioned Johnson in-depth about his right to an attorney, his knowledge and education regarding legal proceedings, and the standard to which he would be held if he represented himself. The court also reviewed with Johnson the indicted crimes, possible penalties he faced if convicted, postrelease control, and the possibility and requirements of classification as a sex offender.

{¶ 11} After its extensive review with Johnson, the court admonished him as follows:

In discussing this with you, Mr. Johnson, I have to advise you that in almost every case it is my opinion that a trained lawyer would defend far better that you could defend yourself.

It is almost always unwise of a defendant on trial to try and represent themselves. You are not familiar with the law. You are not familiar with handling a trial. You are not familiar with court procedures and you are not familiar with the rules of evidence.

I know that you're saying it's your life and it is you that would have to do the time, but [counsel] is a highly skilled defense attorney. I have seen him defend cases to a not guilty verdict on multiple occasions.

I would strongly urge you not to try to represent yourself.

*Id.* at 47-48.

{¶ 12} The trial court then recessed to give Johnson an opportunity to speak with his attorney. When the court reconvened, Johnson maintained that he wished to dismiss his attorney and represent himself. The court accepted his waiver of counsel and appointed standby counsel for him. The court scheduled a pretrial for October 2021, for the purpose of the state hand delivering discovery to Johnson.

{¶ 13} The October 2021 pretrial went forward, with the state providing paper discovery to Johnson. Further, the state described a flash drive, which it later provided to standby counsel, and gave standby counsel a disk containing the 15-year-old victim's medical records. The state indicated its belief that it may be easier for Johnson to view the electronic items in the courtroom with his standby counsel as opposed to on the jail's computers. The trial court set the trial date for January 24, 2022.

{¶ 14} Another hearing was held on January 13, 2022, at which Johnson indicated that he was missing pages 65-83 of discovery. The jail warden was present and provided the court with a possible explanation for the missing pages. The state provided Johnson with the missing discovery.

{¶ 15} On January 24, 2022, the date set for trial, the court held a hearing; the trial was reset for February 7, 2022.

{¶ 16} On January 31, 2022, the trial court held another hearing. The state served Johnson with its motion regarding the application of the rape shield law. Johnson requested a continuance of the trial date so that he could have more time to conduct research.

{¶ 17} The trial court inquired about plea negotiations between the state and Johnson. The state informed the court that it offered Johnson a plea in June 2021, which remained in effect. The agreement, which was explained to Johnson, was that Johnson would plead guilty to one count of rape with a one-year firearm specification and repeat violent offender specification, one count of having a weapon while under disability, and one count of compelling prostitution with a human trafficking specification; the remaining counts and specifications would be dismissed. The state further informed the court that if the plea was not accepted that day, it would be revoked.

{¶ 18} The trial court recessed so that Johnson could discuss the terms of the agreement with standby counsel. When the court reconvened, Johnson informed it that he wanted to accept the plea. The trial court proceeded to a full Crim.R. 11

hearing, at which Johnson entered his guilty plea to one count of rape with a one-year firearm specification and repeat violent offender specification, one count of having a weapon while under disability, and one count of compelling prostitution with a human trafficking specification. Sentencing was set for March 21, 2022.

{¶ 19} Prior to the sentencing date, Johnson sent a letter to the trial court expressing his desire to withdraw his plea. The trial court requested Johnson's first attorney, standby counsel, and a third attorney (for the purpose of representing Johnson on his request to withdraw his plea) be present for the March 21, 2022 sentencing hearing; all counsel appeared. A fourth attorney, who Johnson's family had hoped to retain, appeared. The fourth attorney informed the court that, as of the date of the hearing, he had not been retained and the court dismissed him from the hearing.

{¶ 20} The court heard from Johnson on his request to withdraw his plea. Johnson told the court, "I would like to take my plea back. I just want to take my plea back and go to trial * * *. I want to get a lawyer to represent me instead of trying to represent myself." Tr. 149. Johnson agreed to the third attorney representing him on his request.

{¶ 21} The third attorney informed the court that he received and reviewed Johnson's presentence-investigation report, a transcript of the proceedings, and past reports prepared by the psychiatric clinic. The attorney informed the court that, because of Johnson's "fairly significant mental health history * * * there's some

issues * * * with what he was able to understand at the time of the plea." *Id.* at 150-151.  Counsel asked for a continuance, which the court denied.

{¶ 22} Counsel argued to the court that Johnson should be permitted to withdraw his plea because of his "significant mental health history" and claimed he was not properly medicated at the time of the plea and as such "did not fully comprehend what he was doing." *Id.* at 151.  Counsel also informed the court that Johnson had a defense to present at trial.

{¶ 23} The trial court denied Johnson's request to withdraw his plea.  The court stated that it reviewed the transcript of the plea hearing and found that Johnson knowingly and voluntarily entered his plea after indicating he understood the rights he was waiving.  The trial court proceeded to sentence Johnson to an 18-year prison term.

{¶ 24} Johnson raises the following sole assignment of error for our review:

> The lower court abused its discretion, erred, and denied appellant his Sixth Amendment right to trial when it overruled his motion to withdraw his guilty plea filed prior to sentencing.

**Law and Analysis**

{¶ 25}  Crim.R. 32.1 governs withdrawals of guilty pleas.  It provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).  A

defendant, however, "does not have an absolute right to withdraw a plea prior to sentencing." *Id*. at paragraph one of the syllabus. "[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶ 26} Appellate courts review a trial court's ruling on a presentence motion to withdraw a guilty plea for an abuse of discretion. *Id.* at paragraph two of the syllabus. An abuse of discretion occurs when the trial court's ruling was "'unreasonable, arbitrary or unconscionable.'" *Id.*, quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 27} This court has held that a trial court's denial of a presentence motion to withdraw is not an abuse of discretion when the record reflects: (1) the defendant is represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he or she entered the plea; (3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the court gives full and fair consideration to the plea-withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980).

{¶ 28} In addition to the *Peterseim* factors, Ohio courts have recognized a nonexhaustive list of additional factors, which trial courts should also consider when deciding a presentence motion to withdraw a plea. *State v. Walcot*, 8th Dist. Cuyahoga No. 99477, 2013-Ohio-4041, ¶ 19. These factors include whether: (5) the state will be prejudiced by the withdrawal; (6) the motion was made timely; (7) the

motion states specific reasons for withdrawal; (8) the defendant understood the nature of the charges and the possible penalties; and (9) whether the defendant was perhaps not guilty or had a complete defense. *Id.*, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995); *State v. Moore*, 8th Dist. Cuyahoga No. 98132, 2012-Ohio-5734. "A mere change of heart regarding the guilty plea and the possible sentence is not a legitimate basis for the withdrawal of a plea." *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 7, citing *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E. 2d 115 (8th Dist.1991); *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{¶ 29} Johnson cites to the dissenting opinion in *State v. Harmon*, 165 Ohio St.3d 1465, 2021-Ohio-4109, 177 N.E.3d 279, in support of his contention that, despite the Ohio Supreme Court's pronouncement in *Xie* that presentence motions to withdraw pleas should be liberally granted, "it appears that Courts are reluctant to follow it, and have effectively rendered it meaningless." Johnson's brief, p. 6.

{¶ 30} *Harmon* involved a defendant's presentence motion to withdraw his plea on the basis of alleged misinformation of counsel and alleged actual innocence. *See State v. Harmon*, 4th Dist. Pickaway No. 20CA6, 2021-Ohio-2610. The defendant pleaded guilty to one count of operating a motor vehicle while under the influence. Prior to sentencing, the defendant filed a motion to withdraw his plea. The defendant claimed that his attorney at the time of the plea of negotiations informed him that if he exercised his right to a trial and was found guilty, the trial court would sentence him to the maximum sentence. The defendant also

maintained his innocence and that he had scientific tests to support his claim. Moreover, the defendant claimed that he suffered from an intellectual dysfunction. His attorney representing him on the motion to withdraw offered to put on evidence.

{¶ 31} The trial court expressed skepticism about the allegation that defense counsel informed the defendant he would receive the maximum sentence if found guilty after a trial. The attorney who represented the defendant at the time of the plea was present in the courtroom; the trial court did not question him or give the defense an opportunity to question him about the defendant's contention. The trial court denied the motion to withdraw the plea, stating that it believed the defendant merely had a change of heart.

{¶ 32} The Fourth District Court of Appeals, citing the *Peterseim* and *Fish* factors, found that only two were in the defendant's favor and concluded that the trial court acted reasonably with its denial of his motion to withdraw his guilty plea. The court affirmed the trial court, agreeing that the defendant appeared to have a change of heart case after becoming aware of the sentence and stating that did not entitle him to withdraw his guilty plea.

{¶ 33} The defendant appealed to the Supreme Court of Ohio and the court did not accept the appeal for review. The dissent opined that the "court needs to tackle the topic of presentence motions to withdraw guilty pleas and provide much-needed guidance to Ohio's courts to ensure that they apply Crim.R. 32.1 correctly and consistently." *Harmon*, 165 Ohio St.3d 1465, 2021-Ohio-4109, 177 N.E.3d 279, at ¶ 1 (Donnelly, J., dissenting). The dissent believes that since the court's holding

in *Xie* in 1992, there has been a "dearth of guidance" from the court, which has left appellate courts to "[cobble] together their own standards for reviewing plea-withdrawal motions * * *." *Id.* at ¶ 2. The dissent noted the factors in *Fish* in particular, stating his ""fear that courts considering [those] factors * * * now focus on only the fact that the decision to grant or deny a presentence-plea-withdrawal motion is within the sound discretion of the trial court."" *Id.*, quoting *Xie* at 526, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

{¶ 34} The dissent also noted that "[i]n affirming the trial court's judgment, the court of appeals repeatedly cited [the defendant's] lack of evidentiary support, even though [the defendant] had not been permitted to present his evidence at a full hearing on the motion." *Harmon*, 165 Ohio St.3d 1465, 2021-Ohio-4109, 177 N.E.3d 279, at ¶ 6. The dissent stated that

> [t]here is a huge difference between a presentence-plea-withdrawal case in which a defendant uses the plea- and plea-withdrawal process as a delay tactic or refuses to articulate a potential defense to the charges and a case like this one in which the defendant made very specific assertions about his innocence and problems with the plea process, did so without delay, and there was no assertion of prejudice by the state. Such cases should not be treated the same — as an afterthought shoehorned into the defendant's sentencing hearing.

*Id.* at ¶ 7.

{¶ 35} Recently, in *State v. Barnes*, Slip Opinion No. 2022-Ohio-4486, the Ohio Supreme Court revisited *Xie* in considering what constitutes a legitimate and reasonable basis for presentence withdrawal of a guilty plea. In *Barnes*, the defendant pleaded guilty to a reduced charge of involuntary manslaughter. The

charges arose from a shooting at a gas station that involved three people, including the defendant, firing guns. The incident began with one of the shooters hitting the defendant in the face with a gun, which prompted the defendant to brandish his gun. The defendant, along with two bystanders and the murder victim, were shot during the incident.

{¶ 36} Video surveillance from the gas station captured the shooting but it did not show who shot the murder victim. The state provided the video to defense counsel.

{¶ 37} In his motion to withdraw his plea, the defendant claimed that he was not guilty and cited the 2018 amendments to the self-defense law that shifted the burden of proof to the state. Further, the defendant contended that he viewed the video with audio for the first time after his plea. The defendant maintained that the audio portion of the recording established that he did not shoot first, which supported his self-defense claim.

{¶ 38} At a hearing on the motion to withdraw the plea, the defendant's former attorneys testified that they did not recall showing the defendant the video with the audio. The defendant contended that he would not have pleaded guilty had he seen the video with audio prior to entering his plea. The trial court denied the defendant's motion. After applying the *Peterseim* and *Heisa* factors, this court affirmed the trial court's judgment. *State v. Barnes*, 8th Dist. Cuyahoga No. 109442, 2021-Ohio-842.

{¶ 39} On appeal to the Ohio Supreme Court, the defendant contended that this court applied a test that focused "'too narrowly on * * * procedural protections — such as the rights explained to the defendant in the original plea hearing — and on the trial court's own view of the reasons for the requested plea withdrawal.'" *Barnes*, Slip Opinion No. 2022-Ohio-4486, at ¶ 18, quoting defendant's brief. The defendant contended that the sole factor in determining whether he should be permitted to withdraw his plea is the assessment of the withheld evidence and how that evidence impacted his case.

{¶ 40} The Ohio Supreme Court noted that "the presumption from which all other considerations must start" is with the standard set forth in *Xie* that presentence motions to withdraw a plea should be freely and liberally granted. *Barnes* at ¶ 21. The court reiterated, however, that a defendant does not have an absolute right to withdrawal of his or her plea prior to sentencing.

{¶ 41} The court found the facts in *Barnes* to be distinguishable from other various instances where appellate courts have properly upheld denials of presentence motions to withdraw pleas. *See id.* at ¶ 22. Specifically, the court found that the state could not "overcome the presumption that [the defendant's] motion to withdraw his guilty plea must be freely and liberally granted," and also that the *Peterseim* and *Heisa* factors did not apply to the case. The court set forth the following holding:

> We therefore hold that when a defendant discovers evidence that would have affected his [or her] decision to plead guilty, he [or she] has a

reasonable and legitimate basis to withdraw his [or her] guilty plea before sentencing.

*Id*. at ¶ 24.

{¶ 42} The court noted that, although the defendant pleaded guilty to the shooting, it was "not because there was evidence that he actually committed the crime. * * * He pleaded guilty because he believed there was no evidence that corroborated his self-defense claim." *Id*. at ¶ 26.

{¶ 43} With *Barnes* in mind, we consider the trial court's denial of Johnson's presentence motion to withdraw his plea. We initially note that the Ohio Supreme Court did not denounce the factors (i.e., under *Peterseim* and *Fish*) that this court has traditionally relied on in considering presentence motions to withdraw pleas. Indeed, the *Barnes* Court merely stated that those "factors do not apply *here*," meaning to that case. (Emphasis added.) *Id*. at ¶ 24.

{¶ 44} This case presents a totally different factual background than the one presented in *Barnes*. Here, evidence — the DNA from the victim's rape kit — specifically tied Johnson to the crime. Counsel (who represented Johnson for the withdrawal and sentencing hearing) failed to inform the court what Johnson's defense to the evidence would be. And there was no evidence discovered after the plea, as there was in *Barnes*.

{¶ 45} Considering the other *Peterseim* and *Fish* factors, Johnson was not represented by highly competent counsel at his plea, but only because, after lengthy admonishments by the court against doing so, he chose to proceed pro se.

Nonetheless, Johnson had a full Crim.R. 11 plea hearing, at which it was demonstrated that he understood the nature of the charges and possible penalties. Moreover, Johnson's plea substantially reduced his criminal exposure.

{¶ 46} In terms of the timeliness of the request to withdraw his plea, the record is not clear exactly when it was made because it was a letter Johnson gave the court; it was not formally filed. Nonetheless, Johnson was afforded a hearing and counsel for the purpose of his motion to withdraw his plea. The motion did not state specific grounds to support the request for withdrawal of the plea. At the hearing, counsel cited Johnson's mental health issues. Those issues had already been considered by the trial court, which determined, after evaluation by the court psychiatric clinic, that he was competent to represent himself.

{¶ 47} It is still Ohio law that, although a presentence motion to withdraw a plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw his or her plea. After careful review of the record before us, we find that Johnson failed to demonstrate a reasonable and legitimate basis to withdraw his plea. The trial court did not abuse its discretion in denying his request. Johnson's sole assignment of error is therefore overruled.

{¶ 48} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR